# CIRCUIT COURT OF THE CITY OF RICHMOND

Joseph S. Poole, Jr.

v.

CSX Transportation, Inc., et al.

April 14, 1998

Case No. LC-2780-3

BY JUDGE RANDALL G. JOHNSON

I have checked the statute which prescribes venue in FELA cases. Contrary to plaintiff's assertion, 45 U.S.C § 56 does allow venue where the cause of action arises, so venue is proper in Greensville County. I have, however, also reconsidered plaintiff's argument concerning defendants' representations about whether any witnesses would be substantially inconvenienced by having to come to Richmond to testify and I now agree that a sufficient showing of substantial inconvenience was not made.

Defendants were unable to state that any witness reasonably likely to testify at trial lives or works so far from Richmond as to make Richmond a substantially inconvenient forum. For example, the trooper who responded to the accident scene probably worked that territory in January, 1996, but counsel were unable to say where he lives or what territory he covers now. I believe that a stronger showing must be made before the court can hold that keeping the case here will be *substantially* inconvenient. Accordingly, defendants' motions to transfer venue will be denied.